1  ISABELLE ORD (SBN 198224)
   isabelle.ord@us.dlapiper.com
2  **DLA PIPER LLP (US)**
   555 Mission Street, Suite 2400
3  San Francisco, CA 94105-2933
   Telephone:    415.836.2500
4  Facsimile:    415.836.2501

5  OLIVER M. KIEFER (SBN 332830)
   oliver.kiefer@us.dlapiper.com
6  ASHLEY BARTON (SBN 335673)
   ashley.barton@us.dlapiper.com
7  MATTHEW C. DANAHER (SBN 351055)
   matt.danaher@us.dlapiper.com
8  **DLA PIPER LLP (US)**
   4365 Executive Drive, Suite 1100
9  San Diego, CA 92121-2133
   Telephone:    858.677.1400
10 Facsimile:    858.677.1401

11 Attorneys for Defendant
   HILTON WORLDWIDE HOLDINGS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISHAL SHAH, JONATHAN GABRIELLI, and CHRISTINE Q. WILEY, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILTON WORLDWIDE HOLDINGS INC.,<br><br>Defendant. | Case No. 5:25-cv-01018-EKL<br><br>**DEFENDANT HILTON WORLDWIDE HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO STRIKE**<br><br>Date:       June 11, 2025<br>Time:       10:00 a.m.<br>Judge:      Hon. Eumi K. Lee<br>Courtroom:  Courtroom 7<br>            San Jose Courthouse<br>            280 South First Street, 4th Fl.<br>            San Jose, CA 95113<br><br>Complaint Filed: January 31, 2025 |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION TO DISMISS** |
| 2 | PLEASE TAKE NOTICE THAT on June 11, 2025 at 10:00 a.m., or as soon thereafter as |
| 3 | the matter may be heard, before the Honorable Eumi K. Lee, United States District Judge, |
| 4 | Northern District of California, located at San Jose Courthouse, 280 South First Street, Courtroom |
| 5 | 7, 4th Floor, San Jose, California 95113, Defendant Hilton Worldwide Holdings Inc. ("Hilton |
| 6 | Holdings") will, and hereby does, move for an order striking certain immaterial and otherwise |
| 7 | improper matter from the Complaint pursuant to Federal Rule of Civil Procedure 12(f) as follows: |
| 8 | (1) Page 1's reference to "the general public" in the caption. *See* Compl. p. 1. |
| 9 | (2) Page 4's reference to "the general public" in the sentence appearing in lines one and |
| 10 | two. *See* Compl. p. 4:1-2. |
| 11 | (3) Paragraph 150's references to "the general public," specifically within the following: |
| 12 | (a) "Plaintiffs, Class members, and the general public continue to be at risk because |
| 13 | Plaintiffs, Class members, and the general public frequently use the internet to search for |
| 14 | information and content related to its hotels and resorts." Compl. ¶ 150:22-23. |
| 15 | (b) "Plaintiffs, Class members, and the general public continue to desire to use the |
| 16 | internet for that purpose." Compl. ¶ 150:24-25. |
| 17 | (c) "Plaintiffs, Class members, and the general public have no practical way to know |
| 18 | if their request to opt out of cookies and tracking technologies will be honored and/or whether |
| 19 | Defendant will permit third parties to access, intercept, read, learn, record, collect, and use |
| 20 | Plaintiffs' and Class members' electronic Private Communications with Defendant." |
| 21 | Compl. ¶ 150:25-27, 150:1-2. |
| 22 | The Motion is based upon this Notice of Motion and Motion, the supporting Memorandum |
| 23 | of Points and Authorities, the concurrently filed Motion to Dismiss and supporting documents, |
| 24 | all pleadings and papers on file in this matter, and upon such argument and other matters as may |
| 25 | be presented at the time of the hearing or otherwise. |
| 26 | |
| 27 | |
| 28 | |

1
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE
CASE NO. 5:25-CV-01018-EKL

| | | |
|---|---|---|
| 1 | Dated: March 28, 2025 | DLA PIPER LLP (US) |
| 2 | | By: /s/ *Isabelle L. Ord* |
| 3 | | ISABELLE ORD |
| | | *Attorneys for Defendant* |
| 4 | | HILTON WORLDWIDE HOLDINGS INC. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' references to "the general public" in the Complaint are improper and must be stricken. Plaintiffs purport to bring this action on behalf of the "the general public" and make passing reference to "the general public" in the Complaint but do not actually assert any claims on behalf of the general public. Consequently, Plaintiffs' references to "the general public" are immaterial, impertinent, and should be stricken under Federal Rule of Procedure 12(f).

## II. STATEMENT OF FACTS

According to the Complaint, Plaintiffs "bring this action on behalf of themselves, the general public, and all others similarly situated against" Hilton Holdings. Compl. p. 4:1-2. The Complaint's caption provides the same. *See id.*, p. 1 ("VISHAL SHAH, JONATHAN GABRIELLI, and CHRISTINE Q. WILEY, as individuals, on behalf of themselves, the general public, and those similarly situated[.]"). The Complaint then alleges nine causes of action against Hilton Holdings, each of which Plaintiffs assert on behalf of themselves and the members of the putative class. *See* Compl. ¶ 101 ("Plaintiffs bring this Class Action Complaint on behalf of themselves and a proposed class of similarly situated persons."); *see also id.* ¶¶ 109-207 (cause of action allegations).

Plaintiffs' third claim alleges a violation of California Penal Code section 631(a), i.e., California's wiretapping statute. The claim alleges that "Plaintiffs, Class members, *and the general public* continue to be at risk because Plaintiffs, Class members, *and the general public* frequently use the internet to search for information and content related to its hotels and resorts." *Id.* ¶ 150 (emphasis added). Further, the claim states that "Plaintiffs, Class members, *and the general public* continue to desire to use the internet for that purpose[,]" (*id.* (emphasis added)) and that "Plaintiffs, Class members, *and the general public* have no practical way to know if their request to opt out of cookies and tracking technologies will be honored and/or whether Defendant will permit third parties to access, intercept, read, learn, record, collect, and use Plaintiffs' and Class members' electronic Private Communications with Defendant." *Id.* (emphasis added). Plaintiffs do not bring this claim on behalf of the general public. Plaintiffs also do not assert any

other claim on behalf of the general public, nor do they pray for any relief on behalf of the general public. *See* Compl. Prayer, p. 60.

## III. ISSUE TO BE DECIDED

A. Should the Complaint's references to "the general public" be stricken?

## IV. LEGAL STANDARD

Under Federal Rule of Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Immaterial matter is that which has no essential or important relationship to the claim for relief being pled." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009) (citing *Fogerty*); *Friedman v. 24 Hour Fitness USA, Inc*., 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (same). "A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question." *Sliger v. Prospect Mortg.*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (citing *Fogerty*).

## V. REFERENCES TO "THE GENERAL PUBLIC" SHOULD BE STRICKEN

The Complaint is purportedly filed on behalf of Plaintiffs, those similarly situated, and "the general public." Compl. pp. 1, 4:1-2. Yet, Plaintiffs do not assert any cause of action against Hilton Holdings on behalf of the general public, or pray for any relief for or to benefit the general public. Plaintiffs only mention "the general public" in passing. "[T]he general public" is included in the case caption, and the Complaint begins by claiming the lawsuit is brought by Plaintiffs on behalf of "the general public." *See* Compl. p. 1. Thereafter, the Complaint only mentions "the general public" four times within a single paragraph found in Plaintiffs' CIPA wiretapping claim (claim three). *See id.* ¶ 150. But Plaintiffs do not allege that they actually bring this claim (or any others) on behalf of "the general public." *See generally* Compl. These references to "the general public" are therefore impertinent and immaterial to Plaintiff's Complaint.

In any event, Plaintiffs' claims do not concern "the general public." At best, they concern only those individuals that encountered the cookie banner on the Website, clicked the "Opt Out" button, and then continued browsing the Website (although Hilton Holdings disputes and will challenge class treatment of these claims). This is not "the general public." *Cf. McGill v. Citibank, N.A.*, 393 P.3d 85, 90 (Cal. 2017) ("Relief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief."); *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 549 (9th Cir. 2021) (finding injunctive relief requests regarding defendant's "cable subscribers" would "by definition . . . only benefit a 'group of individuals similarly situated to the plaintiff'"). There are countless members of "the general public" who never interacted with the cookie banner on the Website, or with the Website at all. Plaintiffs are not private attorneys general or otherwise specially empowered to act for the general public, and therefore, Plaintiffs' fleeting references to "the general public" are impertinent, improper, and should be stricken from the Complaint.

## VI. CONCLUSION

For the reasons stated, Hilton Holdings respectfully requests that the Court grant its Motion to Strike.

Dated: March 28, 2025
DLA PIPER LLP (US)

By: /s/ *Isabelle L. Ord*
    ISABELLE ORD
    OLIVER M. KIEFER
    ASHLEY BARTON
    MATTHEW C. DANAHER
    *Attorneys for Defendant*
    *HILTON WORLDWIDE HOLDINGS INC.*