ISABELLE ORD (SBN 198224)
isabelle.ord@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Telephone: 415.836.2500
Facsimile: 415.836.2501

OLIVER M. KIEFER (SBN 332830)
oliver.kiefer@us.dlapiper.com
ASHLEY BARTON (SBN 335673)
ashley.barton@us.dlapiper.com
MATTHEW C. DANAHER (SBN 351055)
matt.danaher@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone: 858.677.1400
Facsimile: 858.677.1401

Attorneys for Defendant
HILTON WORLDWIDE HOLDINGS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VISHAL SHAH, JONATHAN GABRIELLI, and CHRISTINE Q. WILEY, as individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

HILTON WORLDWIDE HOLDINGS INC.,

Defendant.

Case No. 5:25-cv-01018-EKL

**DEFENDANT HILTON WORLDWIDE HOLDINGS INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Date: June 11, 2025
Time: 10:00 a.m.
Judge: Hon. Eumi K. Lee
Courtroom: Courtroom 7
San Jose Courthouse
280 South First Street, 4th Fl.
San Jose, CA 95113

Complaint Filed: January 31, 2025

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. PLAINTIFFS LACK ARTICLE III STANDING ........ 2

III. THE COURT LACKS PERSONAL JURISDICTION OVER HILTON HOLDINGS ........ 4

IV. CLAIMS 1–2: PLAINTIFFS' COMMON LAW PRIVACY CLAIMS FAIL ........ 5

V. CLAIMS 3–4: PLAINTIFFS' CIPA CLAIMS FAIL ........ 6

A. Plaintiffs' Section 631(a) Claim Fails to Allege "Contents" or Intent ........ 6

1. *Plaintiffs Concede Hilton Holdings is not Directly Liable* ........ 6

2. *Plaintiffs Fail to Allege a Third Party's Underlying Violation* ........ 6

3. *Plaintiffs Independently Fail to Allege Intent* ........ 7

B. Plaintiffs Fail to Allege a Pen Register Claim ........ 9

1. *The Pen Register Statutes Are Limited to Telephones* ........ 9

2. *Plaintiffs are not "Pleading in the Alternative"* ........ 10

VI. CLAIMS 5–8: PLAINTIFFS' FRAUD, CONTRACT, AND QUASI-CONTRACT CLAIMS FAIL TO ALLEGE DAMAGES AND SUFFER FURTHER DEFICIENCIES ........ 10

A. Claims 5, 7, and 8 Fail for Lack of Damages ........ 10

B. Plaintiffs' Equitable Claims and Remedies Fail Under *Sonner* ........ 12

C. Claim 6: Plaintiffs' Unjust Enrichment Claim is Duplicative ........ 13

D. Claim 8: Plaintiffs' Breach of Implied Covenant Claim is Barred ........ 13

E. Claim 5: Plaintiffs Do Not Allege Intent or Knowledge to Support Fraud ........ 14

VII. CLAIM 9: PLAINTIFFS' TRESPASS TO CHATTELS CLAIM FAILS TO ALLEGE INTENTIONAL OR SIGNIFICANT INTERFERENCE WITH POSSESSION ........ 15

VIII. CONCLUSION ........ 15

# TABLE OF AUTHORITIES


Page(s)

**Cases**

*A.J. v. LMND Med. Grp., Inc.*, 2024 WL 4579143 (N.D. Cal. Oct. 25, 2024) ... 13

*B.K. v. Desert Care Network*, 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) ... 8

*Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962 (9th Cir. 2024) ... 15

*Blake v. Dierdorff*, 856 F.2d 1365 (9th Cir. 1988) ... 6

*Bob Barker Co., Inc. v. Ferguson Safety Prods., Inc.*, 2008 WL 11452107 (N.D. Cal. July 24, 2008) ... 11

*In re BPS Direct, LLC*, 705 F. Supp. 3d 333 (E.D. Pa. 2023) ... 13

*Briskin v. Shopify, Inc.*, 2025 WL 1154075 (9th Cir. Apr. 21, 2025) ... 4, 5

*Bruton v. Gerber Prod. Co.*, 703 F. App'x 468 (9th Cir. 2017) ... 13

*Cabrera v. Google LLC*, 2023 WL 5279463 (N.D. Cal. Aug. 15, 2023) ... 11

*Calhoun v. Google LLC*, 526 F. Supp. 3d 605 (N.D. Cal. 2021) ... 14

*Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370 (Cal. Super. Ct. Sept. 9, 2024) ... 10

*City of Huntington Beach v. Bd. of Admin.*, 841 P.2d 1034 (Cal. 1992) ... 9, 10

*Daghaly v. Bloomingdales.com, LLC*, 2024 WL 5134350 (9th Cir. Dec. 17, 2024) ... 2, 3

*Doe I v. Google LLC*, 741 F. Supp. 3d 828 (N.D. Cal. 2024) ... 5, 7, 9, 15

*Doe v. Amgen, Inc.*, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024) ... 8

*Elation Sys., Inc. v. Fenn Bridge LLC*,
286 Cal. Rptr. 3d 762 (Cal. Ct. App. 2020) ........ 11

*Esparza v. UAG Escondido A1 Inc.*,
2024 WL 559241 (S.D. Cal. Feb. 12, 2024) ........ 7, 9

*Evans v. Sleep No. Corp.*,
2025 WL 1093332 (E.D. Cal. Apr. 11, 2025) ........ 10

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ........ 3, 12, 14

*Fladeboe v. Am. Isuzu Motors Inc.*,
58 Cal. Rptr. 3d 225 (Cal. Ct. App. 2007) ........ 11

*Gabrielli v. Insider, Inc.*,
2025 WL 522515 (S.D.N.Y. Feb. 18, 2025) ........ 2

*Gerlinger v. Amazon.Com, Inc.*,
311 F. Supp. 2d 838 (N.D. Cal. 2004) ........ 13

*In re Google Assistant Privacy Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ........ 7

*In re Google Location Hist. Litig.*,
514 F. Supp. 3d 1147 (N.D. Cal. 2021) ........ 6

*In re Google Referrer Header Privacy Litigation*,
465 F. Supp. 3d 999 (N.D. Cal. 2020) ........ 11

*Hart v. TWC Prod. & Tech. LLC*,
526 F. Supp. 3d 592 (N.D. Cal. 2021) ........ 6

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*,
353 P.3d 319 (Cal. 2015) ........ 13

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020) ........ 5

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) ........ 7

*Helm v. Alderwoods Grp., Inc.*,
696 F. Supp. 2d 1057 (N.D. Cal. 2009) ........ 14, 15

*Hubbard v. Google*,
2024 WL 3302066 (N.D. Cal. July 1, 2024) ........ 11, 12

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........ 15

*James v. Walt Disney*,
701 F. Supp. 3d 942 (N.D. Cal. 2023) ........ 8

*Jones v. Ford Motor Co.*,
85 F.4th 570 (9th Cir. 2023) ........ 2

*Katz-Lacabe v. Oracle*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ........ 6

*Khamooshi v. Politico LLC*,
2025 WL 1408896 (N.D. Cal. May 13, 2025) ........ 3

*Kotlarsz v. Integrity Vehicle Servs., Inc.*,
2024 WL 4800695 (C.D. Cal. Sept. 3, 2024) ........ 8

*Lee v. Plex, Inc.*,
2025 WL 948118 (N.D. Cal. Mar. 28, 2025) ........ 5

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021) ........ 6

*Mavrix Photo v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ........ 5

*In re Meta Pixel Healthcare Litigation*,
713 F. Supp. 3d 650 (N.D. Cal. 2024) ........ 15

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024) ........ 7

*Obillo v. i-Health Inc.*,
2025 WL 844389 (N.D. Cal. Mar. 18, 2025) ........ 12, 13

*Panavision Int'l, L.P. v. Toeppen*,
945 F. Supp. 1296 (C.D. Cal. 1996) ........ 9

*Parkridge Ltd. v. Indyzen, Inc.*,
2023 WL 3152290 (N.D. Cal. Mar. 15, 2023) ........ 11

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015) ........ 4

*Price v. Headspace, Inc.*,
2025 WL 1237977 (Cal. Super. Apr. 01, 2025) ........ 10

*Railey v. Pentagon Fed. Credit Union*,
2024 WL 3059343 (C.D. Cal. May 9, 2024) ........ 4

*Redstone M&A Grp., LLC v. LaSalle Cap. Grp. II-A, L.P.*,
634 F. Supp. 3d 1251 (N.D. Ga. 2022) ........ 3

*Revitch v. New Moosejaw*,
LLC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 8

*Rodriguez v. Aquatic Sales Sols. LLC*,
735 F. Supp. 3d 1208 (C.D. Cal. 2024).......... 4

*Rodriguez v. Autotrader.com, Inc.*,
2025 WL 1085787 (C.D. Cal. Apr. 4, 2025).......... 2, 3

*Rodriguez v. Google*,
2024 WL 38302 (N.D. Cal. Jan. 3, 2024) .......... 3

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 21, 2021) .......... 6

*Romo v. Stewart Title of Cal.*,
42 Cal. Rptr. 2d 414 (Cal. Ct. App. 1995) .......... 11

*Rossi v. Whirlpool Corp.*,
2013 WL 5781673 (E.D. Cal. Oct. 25, 2013) .......... 14

*Ruiz v. Gap*,
380 F. App'x 689 (9th Cir. 2010).......... 11

*Saeedy, et al. v. Microsoft Corp.*,
2023 WL 8828852 (W.D. Wash. Dec. 21, 2023).......... 2, 4

*Scheibe v. Perfect Keto Grp. Ltd. Liab. Co.*,
700 F. Supp. 3d 928 (S.D. Cal. 2023) .......... 12

*Silver v. Stripe*,
2021 WL 3191752 (N.D. Cal. July 28, 2021).......... 6

*Smith v. United Seating & Mobility L.L.C.*,
2024 WL 4441082 (C.D. Cal. Sept. 11, 2024).......... 12

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 6

*Southcentral Found. v. Alaska Native Tribal Health Consortium*,
983 F.3d 411 (9th Cir. 2020).......... 4

*Sprague v. Frank J. Sanders Lincoln Mercury, Inc.*,
170 Cal. Rptr. 608 (Cal. Ct. App. 1981) .......... 11

*St. Aubin v. Carbon Health*,
2024 WL 4369675 (N.D. Cal. Oct. 1, 2024).......... 7

*Sweet v. Johnson*,
337 P.2d 499 (Cal. Ct. App. 1957).......... 11

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .................... 2, 3

*Valenzuela v. Kroger Co.*,
2024 WL 1336959 (C.D. Cal. Mar. 28, 2024) .................... 7

*ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*,
2018 WL 4681799 (W.D.N.Y. Sept. 28, 2018) .................... 13

*Williams v. Pacific Sunwear of California LLC*,
2024 WL 4626541 (D. Ariz. Oct. 30, 2024) .................... 4

*Wilson v. Google LLC*,
2025 WL 901941 (N.D. Cal. Mar. 25, 2025) .................... 9

*In re: Yahoo! Inc. Customer Data Sec. Breach Litig.*,
313 F. Supp. 3d 1113 (N.D. Cal. 2018) .................... 11

*YTY Indus. SDN. BHD. v. Dow Chem. Co.*,
2009 WL 3633871 (C.D. Cal. Oct. 28, 2009) .................... 14

**Statutes**

Cal. Civ. Code § 1709 .................... 12

Cal. Civ. Code § 3282 .................... 12

Cal. Civ. Code § 3333 .................... 12

Cal. Penal Code § 20 .................... 7

Cal. Penal Code § 631(a) .................... *passim*

Cal. Penal Code § 638.50(b) .................... 10

Cal. Penal Code § 638.51 .................... 1, 10

Cal. Penal Code § 638.52(c) .................... 9

Cal. Penal Code § 638.52(d)(1) .................... 9

Cal. Penal Code § 638.52(d)(3) .................... 9

**Other Authorities**

5 Witkin, Summ. Cal. L., 11th Torts § 949 (2024) .................... 14

Fed. R. Civ. P. 9(b) .................... 6, 14

Fed. R. Civ. P. 12 .................... 4

## I. INTRODUCTION

Defendant Hilton Worldwide Holdings Inc.'s ("Hilton Holdings") Motion to Dismiss the Complaint should be granted because Plaintiffs lack Article III standing, the Court lacks personal jurisdiction over Hilton Holdings, and Plaintiffs fail to allege violations of the California Invasion of Privacy Act ("CIPA") or to adequately plead any of their common law claims.

Plaintiffs allege they visited Hilton.com (the "Website") and interacted with a cookie banner that allegedly malfunctioned. Plaintiffs' claims fail for the following reasons:

*First*, Plaintiffs' brief interactions with the Website fail to meet their burden to establish any injury-in-fact sufficient to confer Article III standing. *See* Section II.

*Second*, Plaintiffs fail to establish this Court may exercise personal jurisdiction over Hilton Holdings through operation of a globally accessible website. *See* Section III.

*Third*, Plaintiffs fail to allege intentional or "highly offensive" conduct sufficient to plead their invasion of privacy and intrusion upon seclusion claims. *See* Section IV.

*Fourth*, Plaintiffs' Section 631(a) claim fails to allege the interception of the "contents" of *their* communications or that any entity intended to commit an unlawful wiretap. Plaintiffs' Section 638.51 claim fails because Plaintiffs do not allege the use of a "pen register." *See* Section V.

*Fifth*, Plaintiffs' fraud, contract, and quasi-contract claims fail to allege damages, their equitable claims and remedies are foreclosed by *Sonner*, their unjust enrichment is duplicative of their contract claim, their breach of implied covenant claim is superfluous, and they fail to plead knowledge or intent to support their fraud claim. *See* Section VI.

*Sixth*, Plaintiffs' trespass to chattels claim fails to allege intentional conduct or significant interference with possession through the inadvertent placement of website cookies. *See* Section VII.

The Opposition tries to obscure that the allegedly "highly offensive" conduct at issue here boils down to Plaintiffs' brief visits to the Website where they "browse[d] information about Hilton's hotels and resorts," Compl. ¶¶ 75, 83, 91 and encountered a cookie banner that allegedly did not function as intended. These interactions did not cause any harm to Plaintiffs, which is necessary to establish standing or personal jurisdiction. Independently, the Complaint fails to state a single claim for relief, and the defects are not curable by amendment**.** The Motion to Dismiss

should be granted with prejudice.

## II. <u>PLAINTIFFS LACK ARTICLE III STANDING</u>

"As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31, (2021). Plaintiffs' generalized allegations and inapposite case law do not satisfy Plaintiffs' burden here.

***No Alleged Collection or Disclosure of Plaintiffs' Personal Information*:** Plaintiffs fail to allege Hilton Holdings collected ***any of Plaintiffs' own*** "Private Communications." *See* Mot. at 5–6. Although Plaintiffs allege they visited the Website, the Complaint does not allege Plaintiffs entered search terms or did anything other than merely interact with the cookie banner. *See generally* Compl. As such, Plaintiffs fail to allege a privacy harm that constitutes a concrete injury-in-fact. Courts have dismissed "tester" lawsuits by Plaintiffs Shah and Gabrielli with similarly generalized allegations for failure to show an expectation of privacy. *See Gabrielli v. Insider, Inc.*, 2025 WL 522515, at *4 (S.D.N.Y. Feb. 18, 2025) (Plaintiff Gabrielli); *Saeedy, et al. v. Microsoft Corp.*, 2023 WL 8828852, at *7 (W.D. Wash. Dec. 21, 2023) (Plaintiff Shah). Similarly, in *Rodriguez v. AutoTrader.com*, a court dismissed a "tester" plaintiff's CIPA claim for lack of standing because the plaintiff "visited and entered information into Defendant's website expecting the information to be accessed, recorded, and disclosed." *Rodriguez v. Autotrader.com, Inc.*, 2025 WL 1085787, at *1 (C.D. Cal. Apr. 4, 2025). This Court should follow suit.

The Opposition contends that "the 'relevant law is settled' that, when a wiretapping statute like CIPA 'codifies such substantive privacy rights,' violating the statute 'gives rise to a concrete injury sufficient to confer standing.'" Opp'n at 5 (quoting *Jones v. Ford Motor Co.*, 85 F.4th 570, 574 (9th Cir. 2023)). Not so. The Ninth Circuit confirmed six months ago that pleading a CIPA claim does not automatically confer standing. *See Daghaly v. Bloomingdales.com, LLC*, 2024 WL 5134350, at *1–2 (9th Cir. Dec. 17, 2024) (affirming dismissal of CIPA claim for lack of standing because plaintiff "d[id] not allege that she herself actually made any communications that could have been intercepted once she had accessed the website"). District courts agree. *See, e.g.*, *Gabrielli*, 2025 WL 522515, at *4–5 (no harm for CIPA pen register claim because "an IP address [which] cannot identify an individual user and at most conveys general geographic information");

*Khamooshi v. Politico LLC*, 2025 WL 1408896, at *4 (N.D. Cal. May 13, 2025) ("A violation of CIPA . . . does not automatically give rise to a concrete injury."); *Rodriguez*, 2025 WL 1085787, at *1. These same pleading deficiencies undercut Plaintiffs' fraud and unjust enrichment argument that they allegedly had to "give up" their personal information "in return for nothing" (Opp'n at 4) when they fail to allege any personal information ***Plaintiffs*** actually had to "give up."

*In re Facebook, Inc. Internet Tracking Litig.* does not support Plaintiffs' standing. *See* 956 F.3d 589, 599 (9th Cir. 2020). There, the Ninth Circuit found plaintiffs had sufficiently analogized "the historically recognized right to privacy" where Facebook captured the plaintiffs cross-site browsing histories "no matter how sensitive" and correlated that history with social media profiles. *Id.* at 598–99. Those allegations are lacking here. Plaintiffs merely allege they visited the Website and interacted with a cookie banner. *See* Compl. ¶¶ 75, 83, 91. Regardless, courts in this district have found that *TransUnion* overruled *In re Facebook*'s holding that pleading a bare CIPA violation confers standing. *See Khamooshi*, 2025 WL 1408896, at *4–5 (following those district courts and dismissing CIPA claim for lack of standing). The rest of the Opposition's standing authorities are similarly distinguishable because they either predate or rely on authority pre-dating *TransUnion*. *See* Opp'n at 5–6. The Ninth Circuit settled this in *Daghaly*: pleading a CIPA claim does not automatically confer standing. *See* 2024 WL 5134350, at *2.

***No Contract*:** Plaintiffs' attempt to analogize their breach of contract claim to one for breach of a non-disclosure agreement fails. Opp'n at 4. Plaintiffs' sole authority, *Redstone M&A Grp., LLC v. LaSalle Cap. Grp. II-A, L.P.*, only confirms Plaintiffs lack standing for their breach of contract claim. *See* 634 F. Supp. 3d 1251, 1253 (N.D. Ga. 2022). There, the court dismissed claims because, like Plaintiffs here, "[the plaintiff] was not a party to the NDA and lacked third-party standing to sue." *Id.* Independently, the Opposition confirms Plaintiffs do not even contend they agreed to the Global Privacy Statement—the purported "contract" underlying their claims. *See* Compl. ¶ 185.

***No Diminution in Value*:** The Complaint does not allege that ***Plaintiffs' own data*** (which they fail to allege they provided) carries value. *Rodriguez v. Google*, Plaintiffs' lone authority, only discussed "willingness to pay to prevent data collection" as part of an "actual damages calculation." *See* 2024 WL 38302, at *11 (N.D. Cal. Jan. 3, 2024). Here, Plaintiffs have not alleged ***their data's***

possible value and thus lack standing. *See Saeedy*, 2023 WL 8828852, at *7. Plaintiffs' generalized loss-in-value allegations thus fail to establish a concrete and particularized harm sufficient for standing. *See Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 417 (9th Cir. 2020) (requiring "personal and individual[ized]" harm to plaintiff). Each of Plaintiffs' claims fail for lack of Article III standing.

## III. <u>THE COURT LACKS PERSONAL JURISDICTION OVER HILTON HOLDINGS</u>

Plaintiffs do not dispute the Court lacks general personal jurisdiction over Hilton Holdings. *See* Opp'n at 7. Plaintiffs also do not challenge Hilton Holdings' supporting factual evidence (*see* Mot. at 8) and therefore concede it. Thus, Plaintiffs must establish specific personal jurisdiction by showing Hilton Holdings: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015), *see also Briskin v. Shopify, Inc.*, 2025 WL 1154075 at *7 (9th Cir. Apr. 21, 2025). Hilton Holdings' lack of intentional conduct aimed at California, including on the Website, confirms this Court lacks specific personal jurisdiction under either a purposeful availment or purposeful direction theory.

***No Purposeful Availment*:** The Opposition contends that Hilton Holdings purposefully availed itself of doing business in California because Hilton Holdings "has agreements with California hotels to take advantage of California real estate, markets, and laws." Opp'n at 8. However, Plaintiffs do not make these generalized allegations in their Complaint and cannot amend their Complaint through their Opposition. *See Railey v. Pentagon Fed. Credit Union*, 2024 WL 3059343, at *9 (C.D. Cal. May 9, 2024) ("A litigant cannot assert 'new' allegations' for the first time in an opposition to a Rule 12 motion.") (citations omitted).

Plaintiffs' purposeful availment authorities fail to persuade. *Rodriguez v. Aquatic Sales Sols. LLC* involved the sale of "physical goods" into the forum state, 735 F. Supp. 3d 1208, 1219–20 (C.D. Cal. 2024), and *Williams v. Pacific Sunwear of California LLC* involved marketing emails sent to Arizona individuals. *See* 2024 WL 4626541, at *3 (D. Ariz. Oct. 30, 2024). Neither case involved voluntarily visiting a globally accessible website that does not sell physical products, as here. Hilton Holdings did not purposefully avail itself of California by offering such a website.

***No Purposeful Direction*:** Plaintiffs' purposeful direction argument similarly fails. Plaintiffs primarily rely on the Ninth Circuit's recent decision in *Briskin*. *See* 2025 WL 1154075. Applying the purposeful direction test, the *Briskin* court found plaintiffs there satisfied the *Calder* test because Shopify "knew the location of consumers like Briskin either prior to or shortly after installing its initial tracking software onto their devices." *Id.* at 11.

*Briskin* is distinguishable. Plaintiffs allege that Hilton Holdings is the owner and operator of the Website, not a software code provider like Shopify. *See* Compl. ¶ 22. Thus, Plaintiffs allege that the code allegedly sent to their browsers from the Website is not from Hilton Holdings but rather from "Third Parties." *See, e.g.*, *id.* ¶ 29. The Complaint also does not allege that Hilton Holdings knew Plaintiffs were located in California during their Website visits. These key distinctions render *Briskin* inapposite. Here, the allegations are more like those this Court found insufficient to establish personal jurisdiction in *Lee v. Plex, Inc. See* 2025 WL 948118, at *8 (N.D. Cal. Mar. 28, 2025) (citing *Mavrix Photo v. Brand Techs., Inc.*, 647 F.3d 1218, 1230 (9th Cir. 2011)), which found that even operating a website with a focus on California topics is insufficient to establish personal jurisdiction. Therefore, the Court lacks specific personal jurisdiction here.

## IV. CLAIMS 1–2: PLAINTIFFS' COMMON LAW PRIVACY CLAIMS FAIL

Plaintiffs fail to allege intrusion upon seclusion or invasion of privacy because the Complaint does not allege Hilton Holdings intentionally configured the "Opt Out" button to malfunction or engaged in any "highly offensive" conduct, which required for these claims. *See* Mot. at 10–11.

Plaintiffs' argument that they plead intent because they allege Hilton Holdings "owns and operates" the Website, integrated cookies on the Website, and "falsely promised users they could 'Opt-out' of the above" fails to establish intent. Opp'n at 11. Nearly identical allegations were rejected in *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 841 (N.D. Cal. 2024) (dismissing invasion of privacy and intrusion upon seclusion claims). In *Doe I*, the court found that alleging a defendant failed to prevent transmission of personal information is not sufficient to establish it ***intended*** to commit these torts. *See id.*

Nor have Plaintiffs alleged the required "egregious breach of the social norms." *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1193 (N.D. Cal. 2020). The Opposition relies on inapposite

cases involving data elements that courts consider highly sensitive (i.e., health or financial data) or where defendants engaged in cross-site tracking—Plaintiffs allege neither. *See Katz-Lacabe v. Oracle*, 668 F. Supp. 3d 928, 942 (N.D. Cal. 2023) (collection of "sensitive health and personal safety information"); *Silver v. Stripe*, 2021 WL 3191752, at *6 (N.D. Cal. July 28, 2021) (aggregating financial information); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1155 (N.D. Cal. 2021) (geolocation data even while not using apps); *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 597, 602 (N.D. Cal. 2021) (same); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *8 (N.D. Cal. May 21, 2021) (cross-website tracking). Likewise, the Opposition's citation to *Blake v. Dierdorff*, a pre-*Twombly-Iqbal* case involving Rule 9(b)'s pleading standards, does nothing to save the deficient allegations here. *See* Opp'n at 11 (citing 856 F.2d 1365 (9th Cir. 1988)). Plaintiffs' invasion of privacy and intrusion upon seclusion claims should be dismissed.

## V. CLAIMS 3–4: PLAINTIFFS' CIPA CLAIMS FAIL

### A. Plaintiffs' Section 631(a) Claim Fails to Allege "Contents" or Intent

#### *1. Plaintiffs Concede Hilton Holdings is not Directly Liable*

The Opposition concedes Hilton Holdings is not directly liable for violating clauses one through three of Section 631(a) because Hilton Holdings was a party to the alleged "communications" with the Website. *See* Opp'n at 14, n.2. Thus, Plaintiffs must allege Hilton Holdings aided and abetted the third-party software providers' predicate violation of clauses one through three of Section 631(a). *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021).

#### *2. Plaintiffs Fail to Allege a Third Party's Underlying Violation*

Section 631(a) clause four requires Plaintiffs to plead the third party software providers "engaged in conduct prohibited by the first, second, or third clause," ***and*** that Hilton Holdings had "both knowledge of the conduct that will violate the statute ***and a purpose of aiding, agreeing with, or employing the third party to commit those acts***." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 940, 942 (N.D. Cal. 2024) (emphasis added). The Complaint fails on both counts.

***Clause 1*****:** The "overwhelming weight of authority" limits the first clause of Section 631(a) to its plain text—i.e., communications over "telegraph[s] or telephone wire[s]," which are not alleged here. Cal. Penal Code § 631(a); *Mastel*, 549 F. Supp. 3d at 1135. Thus, any clause four

violation based on an underlying violation of clause one fails.

***Clause 2*****:** Section 631(a) clause two requires Plaintiffs to allege the "contents" of their communications are intercepted. *See Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1018 (C.D. Cal. 2023). Plaintiffs fail to allege any "contents" of ***their*** communications here.

The Opposition attempts to argue that "where the primary reason to visit the Website is to search for hotels, it is similarly reasonable to assume that 'content' in the form of user's search strings was intercepted." Opp'n at 15. Not so. A court "will not assume out of whole cloth what the contents of any communications were." *Heiting*, 709 F. Supp. 3d at 1018. As to ***Plaintiffs***, the Complaint merely alleges they selected the "Opt Out" button and browsed the Website. Compl. ¶¶ 76–77, 84–85, 92–93. This is insufficient to allege interception of communications, let alone the contents of those communications. *See Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024) (dismissing Section 631(a) claim for failure to allege contents where the plaintiffs alleged the website operator intercepted their "interactions" with the website).

***Clause 3*****:** Section 631(a) clause three is derivative of the first two. *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020). Because Plaintiffs fail to allege an underlying violation of clauses one through three, their clause four claim fails as a matter of law.

#### *3. Plaintiffs Independently Fail to Allege Intent*

Plaintiffs fail to allege Hilton Holdings or any Third Party intended to violate clause four. "CIPA liability only extends to willful or intentional conduct." *Doe I*, 741 F. Supp. 3d at 844. Data sent or received inadvertently without consent does not support a Section 631(a) violation. *See id.*

Plaintiffs' attempt to argue "the plain text of CIPA 'does not include an intent standard'" fails. Opp'n at 15–16 (quoting *St. Aubin v. Carbon Health*, 2024 WL 4369675, at *7 (N.D. Cal. Oct. 1, 2024)). Section 631(a) is codified in the California Penal Code. *See* Cal. Penal Code § 631(a). Under California law, a violation of criminal law generally requires intent. *See* Cal. Penal Code § 20 (every crime requires "act and intent"); *see also Valenzuela v. Kroger Co.*, 2024 WL 1336959, at *4 (C.D. Cal. Mar. 28, 2024) ("In the absence of an explicit statutory scienter requirement, in California civil actions, the common law definition [of aiding and abetting] applies.").

The reasoning in *St. Aubin* has been rejected by numerous courts. *See, e.g.*, *Esparza v. UAG*

*Escondido A1 Inc.*, 2024 WL 559241, at *6 (S.D. Cal. Feb. 12, 2024) (dismissing Section 631(a) claim and finding plaintiffs failed to allege the defendant "acted with (1) knowledge that [the third party] intended to violate CIPA and (2) intent to commit, encourage, or facilitate [the third party's] commission of the offense."); *B.K. v. Desert Care Network*, 2024 WL 1343305, at *7 (C.D. Cal. Feb. 1, 2024) ("Section 631 requires defendants to act 'willfully' or 'intentionally'"). The Complaint fails to allege either Hilton Holdings or the Third Parties intended to violate Section 631(a).

***Hilton Holdings had no intent to unlawfully wiretap*****:** At best, the Complaint alleges the Website's Cookie Banner inadvertently failed to function as intended. *See* Mot. at 15. Plaintiffs rely on *James v. Walt Disney* to contend CIPA lacks an intent standard (Opp'n at 15–16). *See* Opp'n at 16 (citing 701 F. Supp. 3d 942, 953 (N.D. Cal. 2023)). But unlike here, in *James* the parties did not "dispute that there must have been intent on the part of Disney to have Oracle intercept" communications. *Id.* at 954. Thus, *James* does not support Plaintiffs' argument.

The Opposition's other cases only help Hilton Holdings. For example, in *Kotlarsz v. Integrity Vehicle Servs., Inc.*, the court found "that [p]laintiff's allegation that [d]efendant 'aided, agreed with, employed, and conspired with Jornaya to have Jornaya wiretap the internet communications' . . . [were] conclusory and insufficiently supported by factual allegations." 2024 WL 4800695, at *7 (C.D. Cal. Sept. 3, 2024) (dismissing Section 631(a) claim). The same is true here. Plaintiffs' reliance on *Revitch* and *Amgen* is similarly unavailing. *See* Opp'n at 16. Neither *Revitch* nor *Amgen* analyzed the definition of "aids" or any knowledge requirement, despite Plaintiffs' suggestion that the courts interpreted the requirement to denote "enabling" (which each opinion mentions merely once). *See Revitch v. New Moosejaw*, LLC, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019); *Doe v. Amgen, Inc.*, 2024 WL 3811251, at *2 (C.D. Cal. Aug. 13, 2024). "Enabling" does not appear in the fourth clause. Thus, Plaintiffs' failure to allege Hilton Holdings intentionally configured the Cookie Banner to capture their information without consent necessarily means that Plaintiffs fail to allege Hilton intended to violate clause four.

***The "Third Parties" had no intent to unlawfully wiretap*****:** Plaintiffs fail to plead that the "Third Parties" intended to commit an unlawful wiretap. The Opposition relies on formulaic recitations of the claim's elements, rather than factual allegations of how the Third Parties actually ***intended*** to violate

Section 631(a). *See* Opp'n at 18. These conclusory allegations are similar to *Doe I*, where the court dismissed the Section 631(a) claim against Google for failure to allege intent because it is impermissible to presume that by making software code available the code provider intended to obtain information without consent. 741 F. Supp. 3d at 841. Finding the Third Parties lacked intent is also consistent with this Court's holding in *Wilson v. Google LLC*, because there the Complaint alleged Google "'intentionally encourages' website operators to use its tool in a way that circumvents users' privacy settings." 2025 WL 901941, at *6 (N.D. Cal. Mar. 25, 2025). Those allegations are absent here.

The Opposition's attempts to distinguish *Esparza v. UAG Escondido A1 Inc.*, are unavailing. *See* Opp'n at 17. As in *Esparza*, Plaintiffs have failed to allege Hilton Holdings "acted with (1) knowledge that [the Third Parties] intended to violate CIPA and (2) intent to commit, encourage, or facilitate [the Third Parties'] commission of the offense." 2024 WL 559241, at *6. Incorporating cookies does not beget clause four liability. And "even if there was such a finding [the Third Parties unlawfully engaged in wiretapping], that would not speak to [Hilton Holdings'] knowledge." *Id.*

### B. <u>Plaintiffs Fail to Allege a Pen Register Claim</u>

#### *1. The Pen Register Statutes Are Limited to Telephones*

California's pen register statutes were enacted in 2015 to aid law enforcement. *See* Danaher Decl., Ex. B, at 11 ("AB 929 would authorize state and local law enforcement officers to use pen register and trap and trace devices, including during emergency situations."). When the Legislature adopted A.B. 929, there was no mention of IP addresses although IP addresses were in common usage at the time. *See Panavision Int'l, L.P. v. Toeppen*, 945 F. Supp. 1296, 1299 (C.D. Cal. 1996) ("Every computer that has access to the Internet has a unique address. . . . This address is referred to as the 'IP address.'"). Instead, the plain language of California's pen register statutes limit their application to telephones. *See* Cal. Penal Code § 638.52(d)(1), (3) (requiring pen register orders to include "in whose name . . . the ***telephone line***" is listed and "if known, [the] physical location of the ***telephone line***" to which the pen register is to be attached); *see also id.* § 638.52(c) (information acquired by a pen register may only be disclosed "to the extent that the location may be determined from the ***telephone number***.") (emphases added). "[L]egislation must be construed as a whole while avoiding an interpretation which renders any of its language surplusage." *City of Huntington Beach*

*v. Bd. of Admin.*, 841 P.2d 1034, 1038 (Cal. 1992). Reading Section 638.51 in isolation impermissibly renders the rest of A.B. 929 mere "surplusage" and "criminalize[s] the process by which all websites communicate with all users who choose to access them." *Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *4 (Cal. Super. Ct. Sept. 9, 2024) (dismissing claim).

The Opposition does not respond to this argument, thereby waiving it. *See* Opp'n at 19–20. Instead, Plaintiffs suggest that a pen register can take the form of software and website cookies are a "device or process" within the A.B. 929's definition of a pen register. *See* Opp'n at 19–20. This is irrelevant because A.B. 929's plain text and legislative history confirm that pen registers only apply to telephone numbers. *See* Mot. at 16.

*2. Plaintiffs are not "Pleading in the Alternative"*

Plaintiffs' Section 638.51 claim independently fails because the Complaint generally alleges the cookies on the Website can capture the "contents" of communications and "some" contents of communications are intercepted by the cookies. Compl. ¶ 157. By alleging cookies on the Website *generally* collect some "contents" of communications, Plaintiffs plead themselves out of a pen register claim because a pen register "by definition, cannot capture the content of the communications." *Price v. Headspace, Inc.*, 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025) (dismissing 638.51 claim because plaintiffs alleged the software tools captured the contents of communications); *see also* Cal. Penal Code § 638.50(b) (defining "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information . . . ***but not the contents of a communication***") (emphasis added). Thus, Plaintiffs do not and cannot state a pen register claim because they cannot allege the software on the Website did ***not*** capture "the contents of a communication." Cal. Penal Code § 638.50(b).

## VI. CLAIMS 5–8: PLAINTIFFS' FRAUD, CONTRACT, AND QUASI-CONTRACT CLAIMS FAIL TO ALLEGE DAMAGES AND SUFFER FURTHER DEFICIENCIES

### A. Claims 5, 7, and 8 Fail for Lack of Damages

***No Actual Loss for Fraud Claim*:** Plaintiffs fail to allege any actual damages, requiring dismissal of their fraud claim. *See Evans v. Sleep No. Corp.*, 2025 WL 1093332, at *9 (E.D. Cal. Apr. 11, 2025) ("[D]eception without resulting loss is not actionable fraud.") (citation omitted).

Plaintiffs rely on *In re: Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1135 (N.D. Cal. 2018) but that case merely confirmed that *Fladeboe v. Am. Isuzu Motors Inc.*, 58 Cal. Rptr. 3d 225 (Cal. Ct. App. 2007), limits plaintiffs to out-of-pocket losses when fraud claims sound in contract. *See In re: Yahoo!*, 313 F. Supp. 3d at 1135 ("[I]n all of Defendants' district court cases [that limit plaintiffs to out-of-pocket damages], the underlying fraud claim was based in contract."). Plaintiffs' reliance on *Sprague v. Frank J. Sanders Lincoln Mercury, Inc.*, 170 Cal. Rptr. 608 (Cal. Ct. App. 1981), and *Romo v. Stewart Title of Cal.*, 42 Cal. Rptr. 2d 414 (Cal. Ct. App. 1995) also fail. In those cases, unlike here, the plaintiffs had out-of-pocket losses.

***No Actual Loss for Breach of Contract Claim*:** A breach of contract claim also requires actual damages. Courts in this district have continued to apply *Ruiz* and *Aguilera* (on which *Ruiz* relied) as precedential even after *Elation Sys., Inc. v. Fenn Bridge LLC*, 286 Cal. Rptr. 3d 762 (Cal. Ct. App. 2020). In *Cabrera v. Google LLC*, the Court held that it was "bound to follow *Aguilera* as Ninth Circuit precedent" for the proposition that a breach of contract claim must plead "appreciable and actual damages." 2023 WL 5279463, at *6 n.5 (N.D. Cal. Aug. 15, 2023); *see also Parkridge Ltd. v. Indyzen, Inc.*, 2023 WL 3152290, at *1 (N.D. Cal. Mar. 15, 2023) ("It is well settled law in California that a breach of contract claim must include the essential element of damages.").

Plaintiffs offer no authority for their argument that merely breaching a contractual duty is cognizable harm for a breach of contract claim. *See* Opp'n at 21. Their sole authority, *In re Google Referrer Header Privacy Litigation*, only discussed Article III standing. *See* 465 F. Supp. 3d 999, 1011 (N.D. Cal. 2020). Further, *In re Google Referrer* relied on *Sweet v. Johnson*, 337 P.2d 499 (Cal. Ct. App. 1957), which "more recent opinions have declined to follow." *Bob Barker Co., Inc. v. Ferguson Safety Prods., Inc.* 2008 WL 11452107, at *4 (N.D. Cal. July 24, 2008); *see also Ruiz v. Gap*, 380 F. App'x 689, 692 (9th Cir. 2010) (rejecting *Sweet*). Their breach of contract claim fails.

***No Diminution in Value*:** For their fraud, breach of contract, and implied covenant claims, the Opposition contends that Plaintiffs "have identified several theories of recovery" and *Hubbard v. Google* is "easily distinguishable." Opp'n at 22. However, Plaintiffs do not challenge Hilton Holdings' argument that their "theories" boil down to diminution in value. *See* Mot. at 18. *Hubbard* is directly on point in rejecting diminution in value damages like those Plaintiffs advance here. *See*

2024 WL 3302066, at *9 (N.D. Cal. July 1, 2024). Plaintiffs' reliance on *In re Facebook Inc. Internet Tracking Litig.*, is also misplaced, as the case concerned Article III standing. *See* 956 F.3d at 598. Plaintiffs cannot establish damages through their diminution in value theory.

***Plaintiffs Cannot Recover Under Civil Codes Sections 1709 or 3333*****:** Plaintiffs contend that the measure of damages for a deceit action in which no purchase occurred is measured by California Civil Code Sections 1709 and 3333. Not so. Plaintiffs selectively quote Section 1709 to claim that it "permits recovery of 'any damage which [the plaintiff] thereby suffers.'" Opp'n at 21. Yet, Section 1709 states such damages are recoverable only from "[o]ne who ***willfully*** deceives another with ***intent*** to induce him to alter his position to his injury or risk[.]" Cal. Civ. Code § 1709 (emphasis added). Plaintiffs do not challenge Hilton Holdings' argument that the Complaint does not allege intent. Section 3333 provides that "[f]or the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." Cal. Civ. Code § 3333. Plaintiffs also contend that the "obligation" here is from a "contract," but fail to allege entering any personal information onto the Website and or any resulting "loss or harm suffered in person or property" (Cal. Civ. Code § 3282).

Plaintiffs also do not appear to respond to Hilton Holdings' arguments challenging Plaintiffs' benefit of the bargain theory. Mot. at 19. The Court should find that this argument is waived.

**B. Plaintiffs' Equitable Claims and Remedies Fail Under *Sonner***

Plaintiffs' position that they may plead equitable claims and remedies in the alternative, (*see* Opp'n at 22), "has been explicitly rejected by numerous courts post-*Sonner*." *Smith v. United Seating & Mobility L.L.C.*, 2024 WL 4441082, at *6 (C.D. Cal. Sept. 11, 2024) (citations omitted). Plaintiffs' own authority confirms it. *See Scheibe v. Perfect Keto Grp. Ltd. Liab. Co.*, 700 F. Supp. 3d 928, 936 (S.D. Cal. 2023) ("[E]quitable relief is not appropriate where an adequate remedy exists at law."). Even if such pleading were permitted, "that does not relieve Plaintiff[s] of the obligation to satisfy the minimum pleading requirements for each claim for relief, including any alternative forms of relief." *Obillo v. i-Health Inc.*, 2025 WL 844389, at *4 (N.D. Cal. Mar. 18, 2025).

Here, the FAC prays for money damages and makes no allegation that the legal remedies

sought are inadequate. *See* Compl. ¶¶ 149, 161; Prayer B. Plaintiffs offer only a single conclusory allegation that they could lack an adequate remedy at law if their other claims were dismissed. *See id.* ¶ 183. But following *Sonner*, courts have dismissed complaints seeking both legal and equitable remedies on the grounds that plaintiffs failed to allege an adequate remedy at law. *See Obillo*, 2025 WL 844389, at *4–5. Nor can Plaintiffs save their equitable claims by asking for "an injunction that prohibits [Hilton Holdings] from making misrepresentations on the Website." Compl. ¶¶ 82, 90, 98; *see also* Motion to Strike. Plaintiffs are now aware of the alleged issue and no injury will result from future visits. *See In re BPS Direct, LLC*, 705 F. Supp. 3d 333, 366 (E.D. Pa. 2023) ("Website Users brought this lawsuit and are presumably now aware of the alleged risks associated with browsing [the] websites.") (footnote omitted).

**C. <u>Claim 6: Plaintiffs' Unjust Enrichment Claim is Duplicative</u>**

Plaintiffs fail to demonstrate why an unjust enrichment claim is appropriate when their breach of contract claim is virtually identical. "An action based on quasi-contract cannot lie where a valid express contract covering the same subject matter exists between the parties." *Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004). Plaintiffs rely on *Bruton v. Gerber Prod. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017) to assert that the Ninth Circuit "regularly allows independent claims for unjust enrichment to proceed." Opp'n at 23. However, the *Bruton* court "cite[d] a 2015 decision from the Supreme Court of California in which that court found that a standalone claim for unjust enrichment could proceed in an insurance dispute," and, in its decision, the California Supreme Court "specifically limited its holding in that case to the facts and procedural history at bar." *ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*, 2018 WL 4681799, at *5 (W.D.N.Y. Sept. 28, 2018) (citing *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 353 P.3d 319, 326 (Cal. 2015)). Not surprisingly, most of Plaintiffs' other authorities relied on the *Bruton* and its overly expansive application of *Hartford*. *See* Opp'n at 22. *A.J. v. LMND Med. Grp., Inc.*, 2024 WL 4579143 (N.D. Cal. Oct. 25, 2024), also does not support Plaintiffs because it did not involve a breach of contract claim. The Court should dismiss Plaintiffs' duplicative unjust enrichment claim.

**D. <u>Claim 8: Plaintiffs' Breach of Implied Covenant Claim is Barred</u>**

Plaintiffs' implied covenant claim is based on the same contractual terms as their breach of

contract claim, which bars their implied covenant claim. Plaintiffs' own authority confirms this result. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 611 (affirming dismissal of breach of implied covenant because "the allegations did not go beyond the breach of contract theories asserted by Plaintiffs"). Plaintiffs' breach of the implied covenant and breach of contract claims quote from the same provisions of the same alleged contract and seek the same relief. *See* Mot. at 21. But rather than pleading an independent basis, Plaintiffs incorporate the allegations of their breach of contract claim. *See* Compl. ¶ 192. This bars Plaintiffs' implied covenant claim.

Without citation to the Complaint, the Opposition argues the implied covenant claim is warranted because, unlike in their breach of contract claim, "Plaintiffs allege Hilton's bad faith in seeking Website users' consent and still tracking them despite representing that users could opt out." Opp'n at 23. Plaintiffs' reliance on *Calhoun v. Google LLC* for this assertion is unavailing. *See id.* *Calhoun* involved ***intentional*** conduct designed to "circumvent[] cookie blockers," and frustrate the purpose of the parties' contract, 526 F. Supp. 3d 605, 634 (N.D. Cal. 2021), rather than an inadvertently malfunctioning cookie banner. Accordingly, the claim should be dismissed.

**E. <u>Claim 5: Plaintiffs Do Not Allege Intent or Knowledge to Support Fraud</u>**

Plaintiffs' common law fraud, deceit, and/or misrepresentation claim fails because Plaintiffs do not allege ***both*** a defendant's "knowledge of [a misrepresentation's falsity]" ***and*** an "intent to defraud." *Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1079 (N.D. Cal. 2009). Rule 9(b)'s separate scienter pleading standard "does not mean, that conclusory allegations of knowledge or intent suffice." *Rossi v. Whirlpool Corp.*, 2013 WL 5781673, at *9 (E.D. Cal. Oct. 25, 2013).

The Complaint does not allege Hilton Holdings *knew* about the allegedly malfunctioning cookie banner or intended to defraud Plaintiffs. Thus, Plaintiffs fraud and misrepresentation claim fails. *See YTY Indus. SDN. BHD. v. Dow Chem. Co.*, 2009 WL 3633871, at *20 (C.D. Cal. Oct. 28, 2009) ("If a defendant's belief is both honest and reasonable, the misrepresentation is innocent and there is no tort liability.") (cleaned up); 5 Witkin, Summ. Cal. L., 11th Torts § 949 (2024) (same). Plaintiffs' Opposition boils down to a conclusory argument that Plaintiffs have sufficiently alleged the "who, what, when, where, and how" of their fraud and misrepresentation claims. Opp'n at 24. The Opposition does not rebut that Plaintiffs fail to allege knowledge of falsity and intent to defraud.

*See Helm*, 696 F. Supp. 2d at 1079. Because Plaintiffs fail to allege these elements at all, it is immaterial whether they can be alleged on "information and belief." *See* Opp'n at 24.

## VII. CLAIM 9: PLAINTIFFS' TRESPASS TO CHATTELS CLAIM FAILS TO ALLEGE INTENTIONAL OR SIGNIFICANT INTERFERENCE WITH POSSESSION

"Under California law, trespass to chattels 'lies where an *intentional* interference with the *possession* of personal property' causes injury." *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 968 (9th Cir. 2024) (emphasis added) (citation omitted). The Opposition does not rebut Hilton Holdings' argument that it did not *intentionally* interfere with Plaintiffs' devices. *See* Opp'n at 24–25. The Opposition independently fails to show how the Complaint alleges "significant reduction in service constituting an interference with the intended functioning" of Plaintiffs' devices. *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1069 (N.D. Cal. 2012). Relying on *In re Meta Pixel Healthcare Litigation*, Plaintiffs argue that cookies interfering with the "security" and "function" of Plaintiffs' computers by "taking up storage space" constitutes "harm" sufficient to their claim. Opp'n at 25. But there the court based its decision on specific allegations of "'measurable' increases in web-page loading time." 713 F. Supp. 3d 650, 657, 659 (N.D. Cal. 2024). Those well-pleaded allegations are entirely absent from the Complaint. *See* Compl. ¶¶ 203–207.

Plaintiffs' allegations here most closely resemble those in *Doe I v. Google LLC*, 741 F. Supp. 3d at 846, where the court granted Google's motion to dismiss, finding that without factual support for how a "significant reduction" in performance occurred, "it is not obvious how the presence on one's computer of the cookies . . . would result in any cognizable reduction in storage, disk space, or performance." Thus, Plaintiffs' trespass to chattels claim should also be dismissed.

## VIII. CONCLUSION

For the reasons stated, Hilton Holdings respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Complaint in its entirety with prejudice.

Dated: May 16, 2025

DLA PIPER LLP (US)

By: */s/ Isabelle L. Ord*
ISABELLE ORD
*Attorneys for Defendant*
*HILTON WORLDWIDE HOLDINGS INC.*