**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES**</u>

| **Date:** 6/11/2025 | **Time:** 10:34am-10:59am (25 minutes) | **Judge:** EUMI K. LEE |
|---|---|---|
| **Case No.:** 25-cv-01018-EKL | **Case Name:** Shah v. Hilton Worldwide Holdings Inc. | |

**Attorney for Plaintiff:** Anthony Patek
**Attorney for Defendant:** Isabelle Ord

**Deputy Clerk:** Laura Thomson                    **Court Reporter:** Marla Knox (by Zoom)


**PROCEEDINGS and MINUTE ORDER**


Hearing on Defendant's Motion to Dismiss (ECF No. 20) and Motion to Strike (ECF No. 21) held.  Argument of Counsel heard.

**Defendant's Motion to Dismiss and Motion to Strike**

Having reviewed and considered the papers and argument held on June 11, 2025, the Court GRANTS with leave to amend Hilton Worldwide Holdings Inc.'s ("Hilton Holdings'" or "Defendant's") motion to dismiss based on a lack of personal jurisdiction.

The Court GRANTS Defendant's unopposed request for judicial notice.  ECF No. 20-1, Exs. A-C.

A defendant is subject to specific jurisdiction if it (1) "purposefully avails [itself] of the privilege of conducting activities in" or "purposefully direct[s]" its activities "toward" the forum state; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction "comport[s] with fair play and substantial justice." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750-51 (9th Cir. 2025) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  The Ninth Circuit has clarified that the first element of the personal jurisdiction test may be satisfied by "purposeful availment, purposeful direction, or by some combination thereof." *Id.* at 751 n.10.  Plaintiffs bear the burden of satisfying the first two prongs of this test. *Id.* at 752.

Here, Defendant is a Delaware corporation with its principal place of business in Virginia.  Smith Decl. ¶ 3, ECF No. 20-5.  According to the undisputed declaration of the company's Vice President, Hilton Holdings is "a parent company of many Hilton companies, but Hilton Holdings does not operate hotels[,]" "is not registered to do business in California and does not have an

office or mailing address in California."  *Id.*  Plaintiffs rely on Defendant's operation of the website www.hilton.com (the "Website") to establish the Court's personal jurisdiction over Hilton Holdings.  These allegations are insufficient.

### 1.  Shopping and Leasing of Hotel Rooms in California

First, Plaintiffs argue that Defendant purposefully availed itself of this forum because the Website allowed "shopping for and leasing of rooms in hotels throughout California."  Opp. at 8, ECF No. 8.  To establish personal jurisdiction on this basis, Plaintiffs must demonstrate that "leasing of rooms in hotels throughout California" is a "part of [Hilton Holdings'] regular course of business instead of being 'random, isolated, or fortuitous.'"  *Briskin,* 135 F.4th at 755 (quoting *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1089 (9th Cir. 2023)).  Plaintiffs have not done so.  In fact, Plaintiffs do not allege in the Complaint that Hilton Holdings leases hotels in California,[1] and the undisputed declaration of Hilton Holdings' Vice President explicitly states that it does not do so.  Smith Decl. ¶¶ 4-5.  In the alternative, Plaintiffs argue that "[e]ven if Hilton does not operate 'Hilton' hotels in California, it has agreements with California hotels to take advantage of California real estate, markets, and laws."  Opp. at 8.  This allegation is not found in the Complaint and is therefore not a basis for the Court to exercise specific jurisdiction. Even if these allegations had been pled, Plaintiffs have not made any showing as to the second prong of the test connecting Hilton Holdings' alleged "agreements with [unidentified] California hotels" to the claims at issue here.  *See Briskin*, 135 F.4th at 751 (stating that the claim must "arise[] out of or relate[] to the defendant's forum-related activities.").

### 2.  Use and Sale of User Data

Second, relying on Hilton's policy statement, Plaintiffs argue that Hilton admits to selling California users' personal information and using Californians' data for marketing and advertising purposes.  Opp. at 8.  As an initial matter, Plaintiffs mischaracterize the policy statement.  The policy statement applies to *anyone* accessing the Website from *any* location.[2]  It does not pertain specifically to the use or sale of California users' data.

Plaintiffs contend that the use and sale of such data constitutes either purposeful availment or purposeful direction under the Ninth Circuit's recent decision in *Briskin*.  However, *Briskin* is distinguishable.  In *Briskin*, the plaintiff alleged that "while knowing that the device [plaintiff] was using to shop was located in California, [defendant] surreptitiously implanted cookies that permanently remained on [plaintiff's] device, tracked its physical location, and collected data regarding [plaintiff's] online shopping activity."  135 F.4th at 746.  Plaintiff further alleged that the defendant "used the resulting data to compile a consumer profile that [defendant] marketed

---

[1] The Complaint alleges generally that the Website "allows visitors to receive information about hotels and to make hotel reservations."  Compl. ¶ 22.

[2] Indeed, the policy statement Plaintiffs cite to is titled "Hilton's *Global* Policy Statement."  *See* Compl. ¶ 24 n.1 (emphasis added).

widely, including to many California merchants." *Id.* Thus, critically, the plaintiff in *Briskin* alleged both that the defendant targeted a California consumer and then used the consumer's data to further target businesses in California. These two elements are lacking in the present case.

Here, Plaintiffs do not allege that Defendant collects data directly. Rather, the Website "include[s] resources and programming scripts from *third parties* that enable *those parties* to place cookies and other similar tracking technologies on visitors' browsers and devices[.]" Compl. ¶ 2 (emphasis added). This is important because *Briskin* emphasized the fact that the defendant – not a third-party – "knew the location of consumers like *Briskin* either prior to or shortly after installing its initial tracking software onto their devices." 135 F.4t h at 756. There are no allegations that Hilton Holdings knew the location of particular devices. Additionally, there are no allegations that Hilton Holdings compiled data on any particular California consumer and "marketed" that profile to California merchants. Accordingly, the analysis in *Briskin* is not applicable to the facts of this case.

Finally, as Plaintiffs concede, the fact that Hilton's global privacy policy makes a passing reference to California does not by itself make the Website "purposefully directed" at California. *See Cole-Parmer Instrument Co. LLC v. Pro. Lab'ys, Inc.*, 2021 WL 3053201, at *6 (N.D. Cal. July 20, 2021) ("[A]s courts in this district have recognized, compliance with California's privacy policy does not by itself demonstrate that Defendant intentionally targeted consumers in California."); *see also* Opp. at 10 (arguing that compliance with California privacy notices is one of many factors supporting specific jurisdiction).

### 3. Hilton's Privacy Statement

Third, Plaintiffs argue that Hilton Holdings purposefully availed itself of this forum because "Hilton's [p]rivacy [s]tatement was an enforceable promise made to California consumers that they could 'opt out of the sale of [their] personal information,' and conferred an economic benefit on Defendant in exchange for consideration, evidencing the solicitation, execution, or performance of a contract directly." Opp. at 8 (cleaned up). Plaintiffs do not cite to any authority in which a privacy statement on a globally accessible website was sufficient to establish personal jurisdiction, nor was any authority provided during argument.[3] This is not surprising. If a privacy statement on a website was deemed sufficient to establish personal

---

[3] Plaintiffs cite to *Rodriguez v. Aquatic Sales Sols. LLC*, which involved the sale of physical goods into California and the use of a chat feature that "facilitate[d]" those sales, 735 F. Supp. 3d 1208, 1219-20 (C.D. Cal. 2024), and to *Williams v. Pac. Sunwear of Cal. LLC*, which involved defendant sending marketing emails with "hidden spy pixel trackers" directly to plaintiffs located in Arizona. *See* 2024 WL 4626541, at *3 (D. Ariz. Oct. 30, 2024). Neither of these are persuasive.

jurisdiction in any state in which a user interacted with the statement, personal jurisdiction would attach in virtually all forums.  This would undermine the very notion of specific jurisdiction.

* * *

Accordingly, Plaintiffs have not met their burden under the first and second prongs of the personal jurisdiction standard.  The Court GRANTS Hilton Holdings' motion to dismiss based on a lack of personal jurisdiction with leave to amend.  If Plaintiffs fail to cure the deficiencies identified in this Order and in Defendant's motion, the Court will dismiss Plaintiffs' claims without further leave to amend.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (holding that failure to correct pleading deficiencies after dismissal is a "strong indication" that further amendment would be futile); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996))).

Plaintiffs shall file an amended complaint to address the deficiencies identified above within fourteen days of this Order.  Upon filing the amended complaint, Plaintiffs shall also file a redlined version comparing it to the original complaint.

Defendant's motion to strike is vacated as moot.

IT IS SO ORDERED.

Dated:  June 11, 2025

EUMI K. LEE
United States District Judge