ISABELLE ORD (SBN 198224)
isabelle.ord@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Telephone:    415.836.2500
Facsimile:    415.836.2501

OLIVER M. KIEFER (SBN 332830)
oliver.kiefer@us.dlapiper.com
ASHLEY BARTON (SBN 335673)
ashley.barton@us.dlapiper.com
MATTHEW C. DANAHER (SBN 351055)
matt.danaher@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone:    858.677.1400
Facsimile:    858.677.1401

Attorneys for Defendant
HILTON WORLDWIDE HOLDINGS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISHAL SHAH, JONATHAN GABRIELLI, and CHRISTINE Q. WILEY, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILTON WORLDWIDE HOLDINGS INC.,<br><br>Defendant. | Case No. 5:25-cv-01018-EKL<br><br>**DEFENDANT HILTON WORLDWIDE HOLDINGS INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE**<br><br>Date:       September 10, 2025<br>Time:       10:00 a.m.<br>Judge:      Hon. Eumi K. Lee<br>Courtroom:  Courtroom 7<br>            San Jose Courthouse<br>            280 South First Street, 4th Fl.<br>            San Jose, CA 95113<br><br>Complaint Filed: January 31, 2025<br>Amended Complaint Filed: June 25, 2025 |

I.      **INTRODUCTION**

Hilton Worldwide Holdings Inc.'s ("Hilton Holdings") Motion to Strike references in the First Amended Complaint ("FAC") to "the general public" should be granted. Plaintiffs' FAC again seeks relief on behalf of "the general public," but Plaintiffs still lack justification for doing so, and the references to the "general public" in the FAC should be stricken.

Public injunctive relief "has 'the primary purpose and effect of' ***prohibiting*** unlawful acts that threaten ***future*** injury to the general public," and "does *not* constitute the pursuit of representative claims or relief on behalf of others." *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 541–42 (9th Cir. 2021) (emphasis in original) (quoting *McGill v. Citibank, N.A.*, 393 P.3d 85, 90, 92–93 (Cal. 2017)). By contrast, private injunctive relief is more limited and is intended "for the benefit of a discrete class of persons." *Id.* at 543.

At best, Plaintiffs seek only private injunctive relief that concerns just those California visitors to www.hilton.com (the "Website") who rejected cookies on the Website through its cookie banner. The Court should strike Plaintiffs' references to the "general public" from the FAC for four reasons:

*First*, Plaintiffs' citation to Judge Tigar's recent decision in *Gabrielli v. Motorola Mobility LLC* is off point. *See* Opp'n at 1-2. *Gabrielli* is one of numerous nearly identical complaints involving cookie banners brought by Plaintiffs' counsel this year. *See Gabrielli v. Upbound Group, Inc.*, No. 4:25-cv-0631 (N.D. Cal.); *Walsh v. Dollar Tree Stores, Inc.*, No. 5:25-cv-1601 (N.D. Cal.); *Gabrielli v. Haleon US Inc.*, No. 3:25-cv-2555 (N.D. Cal.); *D'Antonio v. Smith & Wesson Inc.*, No. 5:25-cv-3085 (N.D. Cal.); *Wiley v. Universal Music Group, Inc.*, No. 5:25-cv-3095 (N.D. Cal.); *Pemberton v. Restaurant Brands International, Inc.*, No. 4:25-cv-03647 (N.D. Cal.); *Shah v. MyFitnessPal, Inc.*, No. 5:25-cv-04430 (N.D. Cal.); *Shah v. Politico LLC*, No. 5:25-cv-05213 (N.D. Cal.); *Echeverria-Corzan v. Michaels Stores, Inc.*, No. 3:25-cv-5839 (N.D. Cal.). The motion to strike in *Gabrielli v. Motorola Mobility* involved an attack on class allegations, not language pertaining to "the general public." *Gabrielli v. Motorola Mobility* does not support Plaintiffs.

*Second*, public injunctive relief is not available under CIPA or any of Plaintiffs' other claims.

*Third*, Plaintiffs have not pleaded a claim for and cannot seek injunctive relief on behalf of

1  the general public because the primary beneficiaries of their claims are a discrete class of individuals
2  who interacted with Hilton Holdings' cookie banner, and any benefit to the general public would be
3  incidental at best.

4  *Fourth*, the Opposition acknowledges that references to "the general public" in the FAC
5  "will have no effect on this case," conforming those references should be stricken. Opp'n at 3.

6  As a result, the "general public" allegations serve no legitimate purpose and this Motion
7  should be granted as to all such references in the FAC.

8  **II.   PLAINTIFFS DO NOT AND CANNOT SEEK RELIEF ON BEHALF OF THE
9          GENERAL PUBLIC AND ALL REFERENCES TO "THE GENERAL PUBLIC"
10         SHOULD BE STRICKEN**

11  **A.     The Motion to Strike in *Gabrielli v. Motorola Mobility* is Irrelevant**

12  Plaintiffs' reliance on *Gabrielli v. Motorola Mobility LLC* is a meritless distraction.
13  Plaintiffs' Opposition claims that the court "recently denied an ***essentially identical*** motion to strike
14  class claim relating to 'the General Public.'" Opp'n at 1 (emphasis added). Plaintiffs seem to arrive
15  at their conclusion that the *Motorola* motion was "essentially identical" because both lawsuits are
16  putative class actions brought by the same law firm alleging the same types of claims related to
17  allegedly malfunctioning cookie banners. *See id.* at 1-2. The Court should reject this misleading
18  attempt at a comparison.

19  In *Motorola*, the motion to strike sought to strike the class allegations from the complaint.
20  *See Gabrielli v. Motorola Mobility LLC*, 2025 WL 1939957, at *15 (N.D. Cal. July 14, 2025).
21  Motorola argued that the class actions should be stricken because Plaintiff Gabrielli lacked Article
22  III standing, the applicable terms of use barred class actions, and the proposed class would not meet
23  requirements of Rule 23(a) and (b). *See id.* at *16. The court in *Motorola* denied that motion because
24  the class allegations were better addressed at the class certification stage. *See id.*

25  This Motion is entirely different. Hilton Holdings simply seeks to surgically strike the phrase
26  "the general public" from Plaintiffs' FAC because it is improper. There is no preemptive attack on
27  class certification. Hilton Holdings does not attack standing, raise issues concerning terms of use,
28  make any mention of Rule 23, or raise statute of limitations issues in this Motion. The issue

presented here is separate and much simpler. *Motorola* is inapposite, and it should be ignored.

**B.    Plaintiffs' Claims Do Not Allow for Public Injunctive Relief as a Matter of Law**

Plaintiffs cannot seek public injunctive relief because that remedy is not available under any of the claims alleged in the FAC. Plaintiffs recycle inapposite analogies from the prior Opposition and again contend that "[i]t is black letter law that statutes such as the CLRA, FAL, and UCL, provide 'public injunctive relief' because they benefit the general public." Opp'n at 1. Yet, once again, Plaintiffs immediately concede that those statutes "are not asserted here," entirely undercutting their own argument. *Id.* So, Plaintiffs pivot by attempting to argue that California Penal Code § 637.2, the statute creating CIPA's limited private right of action, allows them to bring claims on behalf of the "general public." *See id.* That is incorrect.

CIPA does not provide for "public injunctive relief." Instead, Section 632.7 limits CIPA's private right of action to "[a]ny person who has been injured by a violation of this chapter." Cal. Penal Code § 632.7(a). Seeking relief on behalf of "the general public" would render Section 632.7's limits on CIPA's private right of action meaningless.

The Ninth Circuit's decision in *Hodges v. Comcast Cable Commc'ns, LLC* confirms this result. *See* 21 F.4th at 535. In *Hodges*, the Ninth Circuit explained that "public injunctive relief" "has 'the primary purpose and effect of' ***prohibiting*** unlawful acts that threaten ***future*** injury to the general public," and "does ***not*** constitute the pursuit of representative claims or relief on behalf of others." *Id.* at 541–42 (alterations and emphasis in original) (quoting *McGill*, 393 P.3d at 90, 92–93 (Cal. 2017)). By contrast, "private injunctive relief" provides "benefits 'to an individual plaintiff— or to a ***group of individuals similarly situated*** to the plaintiff.'" *Id.* at 542 (emphasis in original) (quoting *McGill*, 393 P.3d at 90). As the *Hodges* court noted, the *McGill* court considered and rejected a broader reading of "public injunctive relief" that would have preserved, "as non-waivable, the right to formally represent the claims of others, to seek retrospective relief for a particular class of persons, or to request relief that requires consideration of the individualized claims of non-parties," because it would be plainly preempted by the Federal Arbitration Act. *Id.* at 544.

Applying this narrower definition of "public injunctive relief," in *Hodges,* the Ninth Circuit held that a complaint seeking injunctive relief requiring Comcast to cease certain data collection

1 practices that allegedly violated CIPA (among other laws) did not violate California's *McGill* rule (prohibiting waiver of the right to seek public injunctive relief) such that the claims should be compelled into arbitration. *See id.* at 538. The court explained that "whether a requested injunction is public or private depends upon who are the ***primary*** beneficiaries, and the existence of an incidental benefit to the general public is not enough to classify that relief as non-waivable public injunctive relief." *Id.* at 546 (emphasis in original). Even though "***some*** (but not all) of these requested forms of relief seek forward-looking prohibitions against future violations of law . . . that alone is not enough to classify the remedy as public injunctive relief." *Id.* at 549 (emphasis in original). So too here.

The Opposition asserts that public injunctive relief is permissible because "enjoining Hilton's surreptitious collection of information would benefit the general public, not just Plaintiffs or members of the proposed class." Opp'n at 2. This argument runs headfirst into *Hodges*, which held that an "incidental benefit to the general public" is not sufficient to classify the relief sought as "public injunctive relief." 21 F.4th at 546.

*Grigorian v. Citibank, N.A.* illustrates that the relief Plaintiffs seek here is private injunctive relief. *See* 2024 WL 2106944 (C.D. Cal. Apr. 17, 2024). In *Grigorian*, the district court applied *Hodges* to find that public injunctive relief was not implicated where the putative class included individuals who "(1) applied for and [were] denied a Citi credit card or had a Citi credit card that was subsequently cancelled, and (2) have last names ending in -ian or -yan." 2024 WL 2106944, at *3. The court noted that even if an injunction would have "broad public benefits," the proposed injunctive relief "must do more than incidentally benefit the public." *Id.* at *4. While the court noted that public injunctive relief might benefit the public "in principle," the specific relief sought controlled the analysis, which was "to enjoin the alleged discriminatory policies against presumed Armenian applicants and credit card holders," a distinct subset of individuals. *Id.*

Here, like in *Grigorian*, there is a specific subset of individuals seeking specific relief. *See* FAC ¶ 150 (defining the putative class to include "All persons who browsed the Website in the State of California after clicking the 'Opt Out' button in the popup cookies consent banner within the four years preceding the filing of this Complaint"); *see also id.* at ¶¶ 122, 131, 140, 199 (seeking

injunctive relief on behalf of Plaintiffs and the allegedly similarly situated putative class).

As Hilton Holdings' Motion sets forth, myriad members of the "general public" have never interacted with the Website's cookie banner or even visited the Website at all. *See* Mot. at 3. Plaintiffs themselves note that even among the individuals who both visited the Website and interacted with the cookie banner, there are ***still*** "some members of the public [who] may not choose to 'opt out' of cookies." Opp'n at 3. This circumscribed group of Website users falls far short of the "general public." *Grigorian*, 2024 WL 2106944, at *4 (finding class definition did not describe the general public but rather a subset of consumers). Thus, by the allegations of their own FAC, Plaintiffs do not and cannot seek public injunctive relief.

### C.  Plaintiffs Do Not Plead Public Injunctive Relief

Plaintiffs also fail to assert any cause of action on behalf of the general public or pray for any relief for or to benefit the general public. *See generally* FAC. The relief sought in the FAC focuses solely on the Plaintiffs and the circumscribed putative class. FAC ¶¶ 122, 131, 140, 199. The Opposition's contention that the Prayer requests relief on behalf of "all Californians" does not change the result. *See* Opp'n at 2. Again, the Prayer for Relief does not even mention the general public. It states only that "Plaintiffs, **on behalf of themselves and the Class members**, respectfully request judgment against Defendant as follows[.]" FAC Prayer, p. 72-73 (emphasis added). Thus, because Plaintiffs are not actually seeking relief on behalf of the general public, the FAC's references to "the general public" are impertinent, improper, and should be stricken. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) ("Immaterial matter is that which has no essential or important relationship to the claim for relief being pled.").

### C.  The Opposition Acknowledges References to "the General Public" Are Immaterial

Lastly, Plaintiffs' aspersions do not alter the merits of Hilton Holdings' Motion, and instead speak volumes as to the weakness of the Opposition. *See, e.g.*, Opp'n at 2 (describing this argument as "pitiful"). Indeed, Plaintiffs contend the Motion to Strike is "pointless" because "the above language [i.e., references to the 'general public'] will have no effect on this case." Opp'n at 3. But

by conceding that these references will "have no effect on the case," Plaintiffs also concede that references to "the general public" are immaterial and should be stricken. *See Fantasy, Inc.*, 984 F.2d at 1527.

### III. CONCLUSION

For the reasons stated, Hilton Holdings respectfully requests that the Court grant its Motion to Strike.

Dated: July 30, 2025                                         DLA PIPER LLP (US)

By: */s/Isabelle Ord*

ISABELLE ORD
OLIVER M. KIEFER
ASHLEY BARTON
MATTHEW C. DANAHER

*Attorneys for Defendant*
*HILTON WORLDWIDE HOLDINGS INC.*