ISABELLE ORD (SBN 198224)
isabelle.ord@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Telephone:   415.836.2500
Facsimile:   415.836.2501

OLIVER M. KIEFER (SBN 332830)
oliver.kiefer@us.dlapiper.com
ASHLEY BARTON (SBN 335673)
ashley.barton@us.dlapiper.com
MATTHEW C. DANAHER (SBN 351055)
matt.danaher@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone:   858.677.1400
Facsimile:   858.677.1401

Attorneys for Defendant
HILTON WORLDWIDE HOLDINGS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISHAL SHAH, JONATHAN GABRIELLI, and CHRISTINE Q. WILEY, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILTON WORLDWIDE HOLDINGS INC.,<br><br>Defendant. | Case No. 5:25-cv-01018-EKL<br><br>**DEFENDANT HILTON WORLDWIDE HOLDINGS INC.'S NOTICE OF MOTION AND MOTION FOR FEES AS SANCTIONS PURSUANT TO FED. R. 26(G) AND 37(c); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    November 13, 2025<br>Time:    1:30 p.m.<br>Judge:   Hon. Eumi K. Lee<br>Courtroom:  Courtroom 7<br>San Jose Courthouse<br>280 South First Street, 4th Fl.<br>San Jose, CA 95113<br><br>Complaint Filed: January 31, 2025<br>Amended Complaint Filed: June 25, 2025 |

**NOTICE OF MOTION AND MOTION FOR SANCTIONS**

PLEASE TAKE NOTICE THAT on November 13, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Eumi K. Lee, United States District Judge, Northern District of California, located at San Jose Courthouse, 280 South First Street, Courtroom 7, 4th Floor, San Jose, California 95113, Defendant Hilton Worldwide Holdings Inc. ("Hilton Holdings") will, and hereby does, move for an order awarding Hilton Holdings its fees in the total amount of $86,702.85 pursuant to Federal Rules 26(g) and 37(c). Hilton Holdings brings this motion concurrently with its Motion to Transfer the Action to the Eastern District of Virginia Pursuant to 28 U.S.C. § 1404 ("Transfer Motion") (ECF No. 52). *See* L.R. 7-8(a). The Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Isabelle Ord ("Ord Decl.") and exhibits thereto, Hilton Holdings' Transfer Motion, the Declaration of Isabelle Ord in Support of Hilton Holdings' Transfer Motion and exhibits thereto, the Declaration of Bradley Anderson in Support of Hilton Holdings' Transfer ("Anderson Decl.") and exhibits thereto, all pleadings and papers on file in this matter, and upon such argument and other matters as may be presented at the time of the hearing or otherwise.

Hilton Holdings moves for an award of its fees incurred in bringing the Transfer Motion pursuant to Federal Rule 37(c), which states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . ." Hilton Holdings requests attorney fees in the amount of $86,702.85. Rule 26(g) also permits the Court to impose an appropriate sanction on the attorney who signs a disclosure that, after a reasonable inquiry, certifies the disclosure is complete and correct. Hilton Holdings requested Plaintiff Shah, Gabrielli, and Wiley's ("Plaintiffs") details to determine whether they were Hilton Honors members who agreed to the Hilton Honors Terms & Conditions ("HH Terms"), which require them to bring all suits in the Eastern District of Virginia. Plaintiffs strategically kept their details from Hilton Holdings after it requested that information at the outset and several times thereafter, including as part of Plaintiffs' initial disclosures, to prevent Hilton Holdings from raising the

-2-

venue provision of the HH Terms and seeking transfer, or raising other HH Terms in its dismissal motions. Plaintiffs finally provided their details only shortly before the last dismissal motion hearing, prejudicing Hilton Holdings. When Hilton Holdings notified Plaintiffs' counsel that all Plaintiffs were Hilton Honors members who consented to venue in the Eastern District of Virginia, Hilton Holdings requested voluntarily transfer the case to the Eastern District of Virginia, but Plaintiffs refused. This Motion now follows.

Dated: October 3, 2025     **DLA PIPER LLP (US)**

By: */s/ Isabelle Ord*
ISABELLE ORD
*Attorneys for Defendant*
HILTON WORLDWIDE HOLDINGS INC.

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND .......................................................2

     A.    Plaintiffs Belatedly Disclose Identifying Information ...........................................2

     B.    The HH Terms' Venue Selection Clause for Eastern District of Virginia. .............3

III.  ISSUES TO BE DECIDED ................................................................................................4

     A.    Shall Hilton Holdings be awarded its reasonable fees in the amount of $86,702.85 from Plaintiffs and their counsel pursuant to Federal Rules 26(a) and 37(c)? .......4

IV.  LEGAL STANDARD .........................................................................................................4

V.   HILTON HOLDINGS REQUESTS ITS FEES FOR THIS MOTION. ............................4

VI.  CONCLUSION ...................................................................................................................6

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Besag v. Custom Decorators, Inc.*,
  2009 WL 330934 (N.D. Cal. Feb. 10, 2009) ............................................................................. 3

*Civello v. Equinix, Inc.*,
  2025 WL 660247 (N.D. Cal. Feb. 28, 2025) ............................................................................. 3

*Finley v. Hartford Life & Acc. Ins. Co.*,
  249 F.R.D. 329 (N.D. Cal. 2008) .............................................................................................. 5

*Merch. v. Corizon Health, Inc.*,
  993 F.3d 733 (9th Cir. 2021) ..................................................................................................... 4

*Mike v. Walt Disney Parks & Resorts U.S. Inc.*,
  2023 WL 8269768 (C.D. Cal. Sept. 6, 2023) ........................................................................... 5

*White v. Sacramento Police Dep't.*,
  2024 WL 4368233 (E.D. Cal. Oct. 1, 2024) ............................................................................. 5

**Statutes**

28 U.S.C. § 1404(a) ......................................................................................................................... 1

**Other Authorities**

Fed. R. Civ. Proc. 26(a) ........................................................................................................... 1, 4, 5

Fed. R. Civ. Proc. 26(f) .................................................................................................................... 2

Fed. R. Civ. Proc. 26(g) ................................................................................................................... 5

Fed. R. Civ. Proc. 37(c) ............................................................................................................... 1, 4

L.R. 7-8(a) ........................................................................................................................................ 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendant Hilton Holdings first requested Plaintiffs' relevant information in February, 2025, to ascertain whether they were Hilton Honors members who agreed to the HH Terms, which require them to bring all suits in the Eastern District of Virginia. After many months and two rounds of fully briefed motions to dismiss, Plaintiffs finally admitted that Plaintiff Shah is a Hilton Honors member on August 27, 2025. That same day, Plaintiffs also finally provided the relevant information about Plaintiffs Gabrielli and Wiley, permitting Hilton Holdings to determine that *all three Plaintiffs* are Hilton Honors members with active Hilton Honors accounts. An active Hilton Honors account necessarily requires agreement to the HH Terms, including the forum selection clause mandating that "venue for all suits will be in the Eastern District of Virginia." Hilton Holdings shared this information with Plaintiffs as soon as it was confirmed, and requested that they stipulate to transfer the case, but Plaintiffs refused. In its separate motion to transfer, Hilton Holdings asked the Court to enforce the venue provision Plaintiffs agreed to in the HH Terms and transfer the case to the Eastern District of Virginia, or alternatively transfer the case for the convenience of parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a).

Hilton Holdings also requests in this Motion that the Court order Plaintiffs and their attorneys to pay Hilton Holdings' reasonable fees in the amount of $86,702.85 incurred in bringing its Motion to Transfer (ECF No. 52) under Federal Rules 26(a) and 37 and for its related efforts to obtain Plaintiffs' details. Plaintiffs' strategic withholding of this information prejudiced Hilton Holdings, including preventing Hilton Holdings from raising arguments in its dismissal motions about Plaintiffs' agreement to other HH Terms, including Hilton Holding's rights to data collection and sharing and a class action waiver. (See Exs. J, M, O to Anderson Decl. filed with Hilton Holdings' Motion to Transfer, ECF No. 52-2.) Plaintiffs also prevented Hilton Holdings from moving to transfer the case sooner, wasting this Court's time and forcing Hilton Holdings to incur unnecessary expense. Accordingly, Hilton Holdings requests an order of the Court awarding Hilton Holdings its reasonable fees and costs for the Transfer Motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Plaintiffs Belatedly Disclose Identifying Information

Hilton Holdings made a formal request for Plaintiffs' email addresses and phone numbers at the outset of the case on February 18, 2025. (Ord Decl. ¶¶ 2-3, Ex. A at p. 8.) Plaintiffs declined despite Hilton's explanation that it would "like to identify any relevant Hilton accounts and confirm whether [Plaintiffs] may have agreed to bring their claims in the Eastern District of Virginia," and then ignored Hilton Holdings' repeated attempts over the next several days to discuss the requested information. (*Id*. ¶¶ 3-6, Ex. A at pp. 4-8.)

Hilton Holdings again requested Plaintiffs' details during the Rule 26(f) conference on May 28, 2025, noting its earlier request and making clear its expectation that this information would be provided in Plaintiffs' Rule 26(f) initial disclosures. (Ord Decl. ¶ 7.) It was not. (*Id*. ¶ 9, Ex. C.)

On August 25, 2025, Hilton Holdings sent its edits to a draft of the joint Case Management Statement ("Statement") to Plaintiffs. (Ord Decl. ¶ 13, Exs. D, E.) Hilton Holdings' edits raised Plaintiffs' refusal to provide the information that would assist Hilton Holdings in determining whether Plaintiffs are Hilton Honors members. (*Id*. ¶ 14, Ex. E, at pp. 2-3.) On August 27, the day the Statement was due, Plaintiffs' counsel surreptitiously added an edit "that a Hilton account exists in Plaintiff Shah's name," (*id*. ¶ 16-17, Ex. D at p. 6, Ex. G at p. 3), i.e., Plaintiff Shah is a Hilton Honors member. On the same evening, at 9:38 PM, Plaintiffs finally provided their email addresses and phone numbers, demanding that Hilton Holdings remove its language from the Statement saying that Plaintiffs had refused to disclose this information. (*Id*. ¶¶ 18-19, Ex. D at pp. 3-4.)

Hilton Holdings attempted to identify the Plaintiffs' accounts when this action was filed, but could not confirm whether the Plaintiffs had Hilton Honors accounts without the information Plaintiffs finally provided on August 27, 2025. (Anderson Decl. ¶ 3.) For example, the FAC states that Plaintiff "Jonathan Gabrielli" lives in Oakland, California. (FAC, ¶ 7.) No Hilton Honors account exists under the name "Jonathan Gabrielli." (Anderson Decl. ¶ 4.) A search for "Jon Gabrielli" shows a Hilton Honors account associated with that name, but the address is not in Oakland, California. (*See* Anderson Decl. ¶ 5, Ex. N). Only when Plaintiffs finally provided Plaintiff Gabrielli's phone number and email address could Hilton Holdings confirm that this was,

in fact, his account. (*Id.* ¶ 6.) When Hilton Holdings searched for Hilton Honors accounts associated with the other Plaintiffs, it resulted in 41 accounts associated with the name "Christine Wiley," and over 100 associated with "Vishal Shah," including more than one in San Jose, California. (*Id.* ¶ 7.) *See* FAC ¶ 6 (alleging that Plaintiff Vishal Shah is a resident of San Jose, California). Even narrowing search results by California addresses, Hilton Holdings could not determine which—if any—of these accounts belonged to Plaintiffs Wiley or Shah without their email addresses and/or phone numbers. (Anderson Decl. ¶ 8.)

Plaintiffs strategically kept this information back to prevent Hilton Holdings from invoking the HH Terms in its dismissal motions, including the venue provision, class action waiver, and rights to share Plaintiffs' personal information beyond the scope of the Hilton Global Privacy Statement (the "Privacy Policy"). (*See* Exs. J, M to Anderson Decl.) Of course, had Hilton Holdings had known that Plaintiffs were Hilton Honors members, it would have been able to argue these things in its dismissal motions.[1] Instead, Plaintiffs wasted the time and resources of Hilton Holdings and this Court.

### B.     The HH Terms' Venue Selection Clause for Eastern District of Virginia.

At all relevant times, the HH Terms contained a specific venue provision requiring Hilton Honors members to bring all suits in the Eastern District of Virginia. (*See* Exs. J, M, O to Anderson Decl.) Section 2 of the HH Terms states: "By participating in the Hilton Honors Program, Members consent that venue for ***all suits will be*** in the Eastern District of Virginia or, if there's no federal jurisdiction, venue will be in Fairfax County, Virginia." (*Id.*, emphasis added.) The HH Terms expressly apply to both Hilton Honors Worldwide, LLC and its affiliates, including Hilton Holdings. (*Id.* ¶ 30, Exs. J, M, O.)

---

[1] Hilton Holdings continues to reserve its right to raise other provisions in the HH Terms, including the class action waiver. The application of substantive law relating to the HH Terms is appropriately raised in the transferee court and should not affect the Court's analysis in this Motion. *Civello v. Equinix, Inc.*, 2025 WL 660247, at *4, at *4 (N.D. Cal. Feb. 28, 2025) ("Whether or not the [transferee court] finds Plaintiff may proceed with those substantive causes of action, for the purposes of this motion, the answer to this question is irrelevant . . . ."); *Besag v. Custom Decorators, Inc.*, 2009 WL 330934 at *4 (N.D. Cal. Feb. 10, 2009) ("[A] party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis. . . . [These challenges] are problematic because they require courts to speculate as to the potential outcome of the litigation.").

Pursuant to the "Conditions of Participation" of the HH Terms effective when each of the Plaintiffs enrolled, they agreed that their "continued participation in the Hilton Honors Program following the posting of changes to these Terms and Conditions, or to the Privacy Policy, will indicate [their] acceptance of the changes." (Exs. J, M to Anderson Decl.) Regardless, the relevant language of the HH Terms has not changed between the versions each Plaintiff accepted and the current version of the HH Terms. (*See* Exs. J, M, O to Anderson Decl.)

### III.  ISSUES TO BE DECIDED

**A.**  Shall Hilton Holdings be awarded its reasonable fees in the amount of $86,702.85 from Plaintiffs and their counsel pursuant to Federal Rules 26(a) and 37(c)?

### IV.  LEGAL STANDARD

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. Proc. 37(c)(1)(A). "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). "[A] party facing sanctions under that provision bears the burden of showing that a sanction other than exclusion is better suited to the circumstances." *Id.* at 741.

### V.  HILTON HOLDINGS REQUESTS ITS FEES FOR THIS MOTION.

After strategically keeping the Plaintiffs' details from Hilton Holdings to prevent it from raising the venue provision (and other terms like the class action waiver) in its initial response to the lawsuit, Plaintiffs finally provided the details necessary to identify them only shortly before the second dismissal motion hearing. (*See* Ex. A and Ex. D at p. 6 to Ord Decl. ¶¶ 4-8, 16-18.) Plaintiffs still refused to stipulate to transfer the case to the Eastern District of Virginia. (Ord Decl. ¶ 23.) The reason is obvious—if the HH Terms apply, the class action waiver, agreement to data sharing, and other provisions apply that would defeat Plaintiffs' claims at the pleading stage. *See* discussion *supra* Sections V-VIII.

1    Federal Rule 26(a) required Plaintiffs to provide the name, address and telephone number of
2    each individual likely to have discoverable information—along with the subjects of that
3    information—that the disclosing party may use to support its claims or defenses in their initial
4    disclosures. Hilton Holdings asked repeatedly for Plaintiffs' details so that it could verify whether
5    Plaintiffs were Hilton Honors members and subject to the HH Terms, including the venue selection
6    clause, and told Plaintiffs the information should be included in Plaintiffs' Rule 26 disclosures. (Ord
7    Decl. ¶¶ 2-7.) Plaintiffs did not include their details in their initial disclosures. (*Id*. ¶ 9, Ex. C.)

8    Rule 37(c)(1) states that if a party fails to provide information or identify a witness as
9    required by Rule 26(a) or (e), a Court may order payment of the reasonable expenses, including
10   attorney's fees, caused by the failure. *See, e.g.*, *Finley v. Hartford Life & Acc. Ins. Co.*, 249 F.R.D.
11   329, 333 (N.D. Cal. 2008) (awarding sanctions in attorneys' fees and costs under Rule 37(c)(1)
12   when party failed to timely disclose surveillance video that pertinent to the litigation); *White v.
13   Sacramento Police Dep't.*, 2024 WL 4368233, at *4 (E.D. Cal. Oct. 1, 2024) (ordering payment of
14   fees under Rule 37(c)(1) in connection with late expert witness disclosure); *Mike v. Walt Disney
15   Parks & Resorts U.S. Inc.*, 2023 WL 8269768, at *2 (C.D. Cal. Sept. 6, 2023) (same). Rule 26(g)
16   also requires that every disclosure is signed by an attorney to certify that after a reasonable inquiry,
17   the disclosure is complete and correct, and with respect to a discovery request, is not interposed to
18   cause unnecessary delay or needlessly increase the cost of litigation. Rule 26(g) permits the Court,
19   on motion or on its own, to impose an appropriate sanction on the person who signs a disclosure
20   that improperly violates this rule and may include an order to pay reasonable expenses, including
21   attorney's fees, caused by the violation.

22   This situation prejudiced Hilton Holdings. Agreement to the HH Terms, including
23   agreement to venue in the Eastern District of Virginia, its extension of rights to data collection and
24   sharing beyond the Hilton Privacy Policy, and a class action waiver, implicate arguments that Hilton
25   Holdings could have made in both its motions to dismiss. (*See* Exs. J, M, O to Anderson Decl.) By
26   withholding their information, Plaintiffs sought to strategically prevent Hilton Holdings from
27   making potentially case-dispositive arguments. Hilton Holdings was also prevented from moving
28   to transfer the case sooner and has now incurred the costs of bringing this Motion. Hilton Holdings

should recover its fees related to this Motion and as a direct result of Plaintiffs' withholding of information for over seven months and two rounds of motion practice. (*See* Ord Decl. ¶¶ 5, 15, 23.) The total fees requested is $86,702.85 (Ord Decl. ¶¶ 36, 38.) This total amount is broken down by individual attorney billing entries in Exhibit I to the Ord Declaration, which also categorizes the billing entries to explain how they relate to this Motion or Plaintiffs' belated disclosure. The attorney billing rates used to calculate the total fees requested are discounted hourly billing rates and are the actual rates paid by Hilton Holdings for this matter. (*See* Ord Decl. ¶ 37.) Hilton Holdings carefully selected these fees from larger invoices because they directly relate to the preparation of this Motion and Plaintiffs' withholding of the requested information, and any time entries that arguably may not be related have been excluded. (*See* Ord. Decl. ¶ 36.) This includes researching and drafting this Motion and analyzing and preparing the supporting evidence; meeting and conferring with Plaintiffs' counsel regarding stipulating to transfer of the action and this Motion pursuant to the Court's order; correspondence with Plaintiffs' counsel and drafting of a joint status report to the Court regarding this Motion; drafting meet and confer correspondence regarding belated production of Plaintiffs' information and raising the issue for the Court in the joint Case Management Statement; and analysis of the belated disclosure of information and its prejudice to Hilton Holdings. (Ord Decl. ¶ 36.)

## VI. CONCLUSION

For these reasons, Hilton Holdings respectfully requests that the Court grant its Motion award fees in the amount of $86,702.85.

Respectfully submitted,

Dated: October 3, 2025      **DLA PIPER LLP (US)**

By: */s/ Isabelle Ord*
    ISABELLE ORD
    *Attorneys for Defendant*
    HILTON WORLDWIDE HOLDINGS INC.

**Certification of Conference Pursuant to Judge Lee's Standing Order**

On Friday, September 12, 2025, Hilton Holdings and Plaintiffs met and conferred over videoconference. During the parties' conference, Hilton Holdings disclosed the bases for its anticipated motion, but even Plaintiffs refused to transfer or agree as to the outcome of any issue thus necessitating this motion for fees.

I certify that the meet and confer requirement in Section VIII.A of the Standing Order for Civil Cases Before Judge Eumi K. Lee has been met.

Dated: October 3, 2025                **DLA PIPER LLP (US)**

By: */s/ Isabelle Ord*
    ISABELLE ORD
    *Attorneys for Defendant*
    HILTON WORLDWIDE HOLDINGS INC.

-7-
DEF. HILTON WORLDWIDE HOLDINGS INC.'S MOT. FOR FEES AS SANCTIONS
CASE NO. 5:25-CV-01018-EKL